IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ABHISHEK KUMAR,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States,<br><br>Respondents.[1] | **4:26-cv-00137-SHL-SBJ**<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING SUPPLEMENTAL FILING FROM RESPONDENTS** |

Petitioner is from India. (ECF 1, ¶ 5.) He entered the United States on May 30, 2022. (Id.) He encountered immigration officials within two days of entering the United States. (ECF 5-2.) Immigration officials served him with a notice to appear for removal proceedings. (Id.) He later applied for asylum and withholding of removal. (ECF 1, ¶ 5.) Immigration officials released him on parole, and he applied for work authorization. (Id., ¶¶ 6–7.) He had "zero contact with law enforcement" until being detained by officers with U.S. Immigrations and Customs Enforcement ("ICE") at a cargo trucking check-point in Iowa. (Id., ¶¶ 7–8.) He was denied bond by an Immigration Judge, presumably because the Immigration Judge believed there was no jurisdiction to order bond. (Id., ¶ 3.)

Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus seeking relief on one, very narrow ground: that he is entitled to a bond hearing as a member of the bond-eligible class in a case in the United States District Court for the Southern District of California. *See Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025). Petitioner is mistaken. The Central District of California expressly stated that it was not awarding relief to people "in immigration detention outside of this judicial district," as "there is no habeas jurisdiction to do so." *Id.* at 1125. Accordingly, the Court must DENY the Petition for Writ of Habeas Corpus on the narrow ground Petitioner raises. The denial is, however, WITHOUT PREJUDICE, as there are statutory interpretation and due process arguments that other similarly-situated petitioners have raised in

---

[1] Petitioner originally named then-Homeland Security Secretary Kristi Noem and then-Attorney General Pamela Bond as Respondents. Because they were being sued solely in their official capacities, the Court has replaced them with the current Secretary of Homeland Security and Acting Attorney General.

1

many recent cases. Nothing in this ruling prevents Petitioner from raising those arguments in an amended petition.

To that end, Respondents recently informed the Court that Petitioner was transferred from the Southern District of Iowa to an ICE detention facility in McCook, Nebraska, on April 1, 2026. (ECF 7.) This occurred in direct violation of the Order to Show Cause entered on March 27, 2026, which stated: "Respondents are ENJOINED from moving Petitioner outside of the Southern District of Iowa until further order of the Court so that Petitionre may consult with counsel while the Court is considering the petition and to avoid any risk that removal of Petitioner from the Southern District of Iowa will deprive this Court of jurisdiction." (ECF 2.) Respondents do not explain why they violated the Court's Order. They do, however, point out that Petitioner recently filed a new habeas case in the District of Nebraska, styled as *Abhishek v. Sommer et al.*, No. 8:26-cv-00166-JMG-PRSE (D. Neb. Apr. 14, 2026). The District of Nebraska entered its own Order to Show Cause stating: "The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court." (ECF 7-1, p. 3.) Now faced with competing orders regarding Petitioner's presence in the respective districts, Respondents ask for "further direction" on how to proceed. (ECF 7.)

Because Petitioner is now in the District of Nebraska and has filed a new case there, this Court will allow that case to proceed in lieu of this one. If Petitioner wishes to raise due process or other arguments, he should do so in the District of Nebraska. In the meantime, within seven days, Respondents here must make a supplemental filing explaining why this Court's Order to Show Cause was violated. This supplemental filing must, at minimum, specify: (1) when, how, and to whom the Order to Show Cause was transmitted; (2) which official(s) made the decision to transfer Petitioner to the District of Nebraska; (3) whether the official(s) was aware of the Order to Show Cause at the time the transfer occurred, and (a) if not, why not; or (b) if so, why Petitioner was transferred anyway; and (4) the steps Respondents have taken to ensure similar violations do not occur in the future. The Court reserves jurisdiction to hold further hearings or proceedings to address the violation.

**IT IS SO ORDERED.**

Dated: April 17, 2026

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE

2